IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-1071-PAB-STV

D.B, and
G.H.

    Plaintiffs,

v.

GRIFFITH CENTER FOR CHILDREN INC., a Colorado Corporation;
TANIA SOSSI, an Individual;

    Defendants.

## MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Plaintiffs D.B. and G.H., by and through their attorneys Azra Taslimi, Matthew J. Cron, and Siddhartha H. Rathod of RATHOD | MOHAMEDBHAI LLC, hereby request leave for Plaintiffs to proceed anonymously but without restricting the public's access to the Court's docket.

**D.C. Colo. L. R. 7.1(a) Conferral:** Plaintiffs reached out to known opposing counsel via email prior to the filing of this Motion. Opposing counsel opposes the motion. All defendants and their known counsel are aware of the Plaintiffs' true names and identities.

## MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

This case concerns the sexual abuse of Plaintiffs D.B. and G.H., then minors who were detained at Griffith Center for Children (hereinafter "GCC"), by an employee of GCC. Detailed allegations regarding the abuse Plaintiffs suffered are set forth in the Complaint and Jury Demand.

The Federal Rules of Civil Procedure state that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). However, Fed. R. Civ. P. 5.2(a)(3) provides that any filing with the court containing the name of an individual known to be a minor shall include only the minor's initials. F.R.C.P. 5.2(a)(3). Although Plaintiffs are no longer minors, the extremely sensitive subject matter of this lawsuit and the fact that the acts occurred while Plaintiffs were minors supports a substantial privacy interest that outweighs the presumption of openness in judicial proceedings.

The decision whether to allow a party to proceed under a pseudonym is a matter of the trial court's discretion. *M.M. v. Zavaras*, 139 F. 3d 798, 802 (10th Cir. 1998). The Tenth Circuit has recognized that there may be "exceptional circumstances" that would allow for a party to proceed anonymously. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Those circumstances typically involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id. See also Roe v. Minguela, 2018 WL 4148261 at *11 (D. Colo. Aug. 30, 2018).*

"Courts within the Tenth Circuit have permitted plaintiffs who are allegedly victims of sexual assault or harassment, to proceed anonymously." *Doe through Doe v. Brighton Sch. Dist. 27J*, No. 19-CV-0950-WJM-NRN, 2019 WL 1573301, at *1 (D. Colo. Apr. 11, 2019). See also, *Roe v. Minguela, 2018 WL 4148261 (D. Colo. Aug. 30, 2018); Doe v. USD No. 237 Smith Center School District*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017). In *Minguela*, for example, the District of Colorado permitted two plaintiffs, who were subjected to sexual assault by sheriff's deputies while incarcerated at a detention center, to proceed anonymously. *Minguela at* 11. The Court found that the Roes' interests, as victims of sexual

assault, were good cause to proceed under pseudonyms. *Id*. The court explained "victims of rape and other forms or sexual assault are often stigmatized in a manner that affects their educational, employment, and social prospects" and such impact outweigh the public's interest in identifying the Roes by name. *Id.* (citing Paul Marcus & Tara L. McMahon, *Limiting Disclosure in Rape Victims' Identities*, 64 S. Cal. L. Rev. 1020, 1030-36 (1991)).

In another Tenth Circuit case, Plaintiff brought a Title IX complaint against the school and one of its teachers for sexual abuse. *Doe v. USD No. 237 Smith Center School District*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017). While the allegations of abuse occurred when the Plaintiff was still a minor, the suit was brought after the Plaintiff had reached the age of majority. *Id*. Noting the highly personal nature of the allegations and the risk that identification would cause in exacerbating the emotional harm, the court permitted the plaintiff to proceed using a pseudonym. *Id*.

Courts have also found that if the defendants are aware of the identities of the plaintiffs, there is no risk of prejudice and no specific benefit to the public from learning the plaintiffs' identities. In *J.B. v. Liberal School District #480,* the court found that the public did not have a significant, specific interest in the disclosure of plaintiff's identity and that plaintiff had a valid interest in not having his identity linked with the highly sensitive and personal matters outlined in this lawsuit, thereby allowing the Plaintiff's to proceed under a pseudonym. No. 06-2359-JWL, 2006 U.S. Dist. LEXIS 67622, at *5 (D. Kan. Sept. 20, 2006).

Consistent with *Minguela, Doe v. USD*, and *J.B. v. Liberal School District*, many courts around the country have permitted plaintiffs asserting claims of sexual abuse to proceed anonymously. *See, e.g.*, *Doe v. Univ. of Massachusetts-Amherst*, No. 14-30143, 2015 WL 4306521 (D. Mass. July 14, 2015); *Doe v. Univ. of S. Florida Bd. of Trs.*, No. 15-cv-682-T-

30EAJ, 2015 WL 3453753 (M.D. Fla. May 29, 2015); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015); *John Doe v. Columbia Univ. & Trs.of Columbia Univ.*, No. 14CV03573, 2014 WL 6471520 (S.D.N.Y. June 9, 2014); *Doe v. Univ. of Montana*, No. CV 12-77-M-DLC, 2012 WL 2416481, at *4 (D. Mont. June 26, 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names.") (citing *Does I–XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000)).

Should Plaintiffs' names be disclosed, it would likely be just a matter of days before word would spread within their community. Plaintiffs are likely to be subjected to the stigma and shame associated with being a male victim of sexual assault in addition to facing ridicule for their experiences. Put another way, proceeding publicly would put this lawsuit – which seeks justice for the emotional and physical harm Plaintiffs have suffered – squarely at odds with Plaintiffs' ability to maintain a healthy emotional and physical state.

## CONCLUSION

For the foregoing reasons, Plaintiffs would respectfully request that this Court grant their Unopposed Motion for Leave to Proceed Anonymously.

Submitted this 2nd day of May 2023.

4

RATHOD | MOHAMEDBHAI LLC

*s/ Azra Taslimi*
Azra Taslimi
Matthew J. Cron
Siddhartha H. Rathod
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400 (phone)
(303) 578-4401 (facsimile)
at@rmlawyers.com
mc@rmlawywers.com
sr@rmlawyers.com

*Attorneys for Plaintiffs*

5