IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-1071-PAB-STV

D.B, and
G.H.

    Plaintiffs,

v.

GRIFFITH CENTER FOR CHILDREN INC., a Colorado Corporation;
TANIA SOSSI, an Individual;

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling Conference in this case was held on August 22, 2023 at 9:00 a.m. in Courtroom A 402 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Azra Taslimi and Matthew J. Cron appeared for Plaintiffs, and Paul Collins appeared for Defendants. The Parties will be represented in this case as follows:

**For Plaintiffs:**

Azra Taslimi
Matthew J. Cron
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
at@rmlawyers.com
mc@rmlawyers.com

**For Defendants**:
Paul Collins

Lauren Getsie
Treece Alfrey Musat, P.C.
633 17th Street, Suite 2200
Denver, CO 80202
(303)292-2700
pcollins@tamlegal.com
lgetsie@tamlegal.com

## 2. STATEMENT OF JURISDICTION

As a result of Plaintiffs' assertion of violations of their civil rights pursuant to the 42 U.S.C. § 1983 and Title IX, 20 U.S.C. § 1681 *et seq*, Plaintiffs have presented a federal question over which this Court properly has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367.

Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the state of Colorado, and at the time of the events giving rise to this litigation, all of the parties resided in Colorado.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiffs:**

Plaintiffs have brought claims pursuant to 42 U.S.C. § 1983, Title IX, and state law claims for violations of their rights by Griffith Centers for Children ("GCC"). Plaintiffs as well as other boys housed at GCC were sexually assaulted by Viridiana Oliva, a GCC employee. Griffith Center enabled Oliva's abuse by dismissing multiple complaints against her. In fact, GCC terminated one employee and threatened another employee when they attempted to alert management to the danger Oliva posed. It wasn't until G.H. mentioned Oliva's abuse at a court hearing, months after the initial complaints, that GCC finally took action. As a result of GCC's failure to investigate, supervise, and/or discipline Oliva, she was allowed to carry out her sexual abuse and molestation of young,

2

vulnerable, at-risk minors for several months before GCC eventually took action and removed her from her position.

**b. Defendants:**

Defendants deny the allegations against them.

All of Plaintiffs' allegations about Ms. Sossi are fabricated. Ms. Sossi was the Chief Operating Officer, not the President and CEO of GCC in 2019 and 2020. The Plaintiffs know and ignore that G.H. first reported the allegations concerning Ms. Olivia in April of 2020, when G.H. was at a hearing concerning his remand back to the custody of the Division of Youth Services ("DYS"). This allegation was immediately reported to the Colorado Department of Human Services, the El Paso County Department of Human Services, and the Colorado Springs Police Department for investigation as required. During the investigation, D.B. expressly denied to the investigators the allegations he now makes in the Complaint. All of the clients who resided at the facility and were questioned also denied the allegations set forth in the Complaint. The Colorado Department of Human Services determined the allegations to be unfounded.

In April 2020, Griffith Centers placed Ms. Olivia on administrative leave after Plaintiff G.H. informed Defendants that G.H. and Ms. Olivia were engaged in a sexual relationship. The allegation was reported to the appropriate agencies who, upon further investigation, found the claims to be unsubstantiated.

1) The claim for violation of Title IX should be dismissed pursuant to F.R.C.P. 12(b)(6) because Plaintiffs failed to state a claim for relief.

2) The claim for violation of Plaintiffs' Substantive Due Process rights under the Fourteenth Amendment should be dismissed pursuant to F.R.C.P. 12(b)(6) because Plaintiffs failed to state a claim for relief.

3) The state-law claim for violation of C.R.S. § 13-20-1201 should be dismissed pursuant to F.R.C.P. 12(b)(6) because it violates the Colorado Constitution's prohibition on any law that is retroactive in its application.

4) The claims for Negligence and Negligent Infliction of Emotional Distress be dismissed pursuant to F.R.C.P. 12(b)(6) because the claims are subsumed by the Colorado Premises Liability Act.

As soon as Ms. Sossi had knowledge of the alleged sexual assault and harassment by Ms. Oliva, reports were made to the appropriate agencies and authorities, and Ms. Oliva was put on leave while an investigation was undertaken. The severity and seriousness of the allegations was properly and professionally handled by Ms. Sossi and Plaintiffs have failed to state any claim for relief as to Ms. Sossi as a Defendant. All claims against Ms. Sossi should be dismissed with prejudice.

### 4. UNDISPUTED FACTS

**The following facts are undisputed by all Parties:**

1. Defendant Griffith Centers for Children ("GCC") is a Colorado non-profit located at 17 Farragut Avenue, Colorado Springs, CO 80909.

2. Defendant GCC is a licensed Residential Child Care Facility (RCCF), licensed by the State of Colorado.

3. Viridiana Oliva ("Oliva") was hired by GCC in the Fall of 2019.

4. D.B. was ordered by a court to be placed at GCC.

5. G.H. was ordered by a court to be placed at GCC and moved onto the campus in November of 2019.

### 5. COMPUTATION OF DAMAGES

a. **Plaintiffs:**

Plaintiffs claim economic losses and compensatory damages, including, but not limited to, pecuniary and non-pecuniary losses, emotional distress, suffering, the impacts of lost educational opportunities, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other losses; Plaintiffs seek punitive damages to maximum amount for all claims allowed by law in an amount to be determined at trial; declaratory relief and injunctive relief, including prospective injunctive relief, as appropriate; as well as attorneys' fees and costs, pre-judgment and post-judgment interest at the highest lawful rate, a tax-offset, and all other damages and relief legally recoverable including equitable relief.

b. **Defendants:** Defendants deny Plaintiffs have incurred any damages as a result of Defendants' actions or omissions. Further, the cause and extent of the alleged damages or injuries is disputed.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on May 30, 2023, over the phone.

b. **Names of each participant and party he/she represented.**

The following counsel participated in the meeting: Azra Taslimi and Matthew J. Cron represented Plaintiffs and Paul Collins appeared on behalf of Defendants.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures will be made no later than August 18, 2023.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**
.
The parties have agreed to exchange Rule 26(a)(1) disclosures by August 18, 2023. Plaintiffs request that Defendants produce Ms. Oliva's complete personnel file and all internal investigation files pertaining to Ms. Oliva. Defendants refuse to produce Ms. Oliva's personnel file, as she is not a party to this case and Defendants have not been authorized to release the information.

e. **Statement concerning any agreements to conduct informal discovery:**

The Parties do not have any agreements to conduct informal discovery.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

(1) The Parties have agreed to use a unified exhibit numbering system.

(2) The Parties agree and consent pursuant to Fed.R.Civ.P. 5(b)(2)(E) that discovery and disclosures may be served electronically through the email address of lead counsel, identified in Paragraph 1 of this Scheduling Order.

(3) The Parties agree to take all reasonable steps to reduce discovery and reduce costs.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Plaintiffs anticipate that there will be discovery of electronically stored information such as emails, cell phone data, daily logs and reports, and social media posts. As such,

Plaintiffs propose that the parties submit a proposed Electronically Stored Information (ESI) Protocol.

Defendants disagree that the case involves extensively electronically stored information that requires an ESI.

   **h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties engaged in formal mediation on January 23, 2023, with Judge Emily Anderson. No agreement was reached but the Parties will keep communication open regarding possible settlement.

## 7. CONSENT

All parties HAVE NOT consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

   **a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.

   **b. Limitations which any party proposes on the length of depositions.**

The Parties agree to limit the length of depositions to seven (7) hours of actual deposition time.

   **c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Plaintiffs propose a limit of twenty-five (25) requests for production and twenty-five (25) requests for admission per side.

Defendants should be permitted to submit requests for production and admissions on each Plaintiff.

d. **Other Planning or Discovery Orders**

The parties will submit a proposed protective order to the Court for its review. The protective order will accommodate the exchange of confidential documents and information during the discovery process as it relates to confidential third-party information and corporate privacy.

9. **CASE AND PLAN SCHEDULE**

a. **Deadline for Joinder of Parties and Amendment of Pleadings:** October 15, 2023.

b. **Discovery Cut-off:** April 22, 2024.

c. **Dispositive Motion Deadline:** May 22, 2024.

d. **Expert Witness Disclosure:**

   1. **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs' statement as to experts: Plaintiffs may endorse two experts to testify with respect to damages as a result of Defendants' conduct and standards and practices regarding sexual assault, internal investigations, and/or employee training, supervision, and discipline.

Defendants' statement as to experts: Defendants anticipate retaining an expert regarding the standard of care applicable to Defendants' conduct regarding GCC, its employees, and clients. Defendants also anticipate retaining an expert in mental health to provide opinion regarding the causation and extent of Plaintiffs' alleged damages.

   2. **Limitations which the parties propose on the use or number of expert witnesses.**

The Parties propose a limit of two (2) retained experts per side, not including rebuttal experts. The Parties propose rebuttal expert limitations of one rebuttal expert in response to each affirmative expert.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 22, 2024.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 22, 2024.**

e. **Identification of Persons to Be Deposed:**

**DEFENDANTS OBJECT TO THE NUMBER OF DEPOSITIONS PLAINTIFFS SEEK – DEFENDANTS SUGGEST THE NUMBER OF DEPOSITIONS, EXCLUDING EXPERTS, SHOULD BE LIMITED TO 5 PER SIDE.**

*Preliminary List of Plaintiffs' Depositions*:

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Tanya Sossi | 7 hours |
| Lauren Campbell | 7 hours |
| Will Sanders | 7 hours |
| Teresa Meza | 7 hours |
| Erin Lockett | 7 hours |
| Eugene Cherry | 7 hours |
| Danielle Stuut | 7 hours |
| Frederick Branwurst | 7 hours |
| Nicki Dominique | 7 Hours |
| GCC's 30(b)(6) Witness | 7 hours |

*Preliminary List of Defendants' Depositions:*

| Name of Deponent | Expected Length of Deposition |
|---|---|
| G.H. | |
| D.B. | |
| Case manager of G.H. | |
| Case manager of D.B. | |

| Department of Human Services | |
| El Paso County Sheriff's Department | |
| | |
| | |
| | |
| | |

The Parties reserve their right to object to any deposition or the scope of any deposition on any ground supported in law.

**f. Deadline for Interrogatories:** Interrogatories must be served on the opposing party no later than 30 days before the close of discovery.

**g. Deadline for Requests for Production of Documents and/or Admissions:**

Requests for Production of Documents and Requests for Admission must be served on the opposing party no later than 30 days before the close of discovery.

## 10. DATES AND FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:_____

_____

_____ _____

b. A final pretrial conference will be held in this case on July 17, 2024, at 9:30 a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

b. **Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a ten (10) day jury trial. Both Parties have requested a trial to a jury.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 22nd day of August, 2023.

BY THE COURT:

11

_signature_

United States Magistrate Judge

**SCHEDULING ORDER APPROVED:**

**For Plaintiffs:**

*s/ Azra Taslimi*
Azra Taslimi
Matthew J. Cron
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
at@rmlawyers.com
mc@rmlawyers.com

**For Defendants**:

*/S/ Lauren M. Getsie*

Paul E. Collins
Lauren M. Getsie
TREECE ALFREY MUSAT P.C.
666 17th Street, Suite 2200
Denver, CO 80202
303.292.2700
pcollins@tamlegal.com
lgetsie@tamlegal.com